## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

Shenzhen Quika Technology Co., Ltd.

       Plaintiff,

v.

Shenzhen Sunwell Industrial Co., Ltd.

       Defendant.

Case No._____

**COMPLAINT FOR DECLARATORY JUDGMENT**

**DEMAND FOR JURY TRIAL**

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Shenzhen Quika Technology Co., Ltd., doing business as HILLGA ("Quika"), hereby files this complaint for declaratory judgment against Defendant Shenzhen Sunwell Industrial Co., Ltd. ("Defendant"), and alleges as follows:

### THE PARTIES

1.    Plaintiff, Shenzhen Quika Technology Co., Ltd., doing business as HILLGA, is a limited liability company organized and existing under the law of China. Its principal place of business is in the United States.

2.    Upon information and belief, Defendant is a limited liability company organized and existing under the law of China. Defendant owns the United States Patent No. D926,487 (the "D487 Patent") and does business in this District through online marketplaces such as Amazon.

### NATURE OF ACTION

3.    This is an action for declaratory judgment of patent invalidity and non-infringement. Quika seeks a declaration that the D487 Patent is invalid and/or not infringed by the manufacture, use, sale, offer for sale, or importation of Quika products. A true and correct

copy of the D487 Patent is attached as **Exhibit I**.

4. Upon information and belief, Defendant contends it owns all substantial rights related to the D487 Patent, including the exclusive right to enforce, sue, and recover damages for past infringement.

5. Defendant has alleged that Quika products infringe the D487 Patent, including at least forty-six (46) products listed on Amazon under following ASINs: B0DQDQPDS4, B0DLN342SW, B0DQGWSMCP, B0DQGZXZPC, B0DNYSPRD1, B0CV56K69Z, B0CV54T78Y, B0DLN6Q1NN, B0D8GP725B, B0D8G89K2X, B0DLW239SJ, B0DRGFCRFG, B0DRGF9CJX, B0DRGH6NFB, B0DRGH12SW, B0DRGJ12PT, B0DRGKD5S4, B0DRGH43NY, B0DRGF9MG2, B0DRGDVDYM, B0DRGG22VH, B0DRGFBCC2, B0DRGFMGPL, B0DRGCJYXM, B0DRGDPCJ4, B0DRGJQBZS, B0DRGF658Q, B0DRGGPWC3, B0DRGDM62W, B0DRGH6H8N, B0DRGHJVKC, B0DRGHTH98, B0DRGDK4XV, B0DRGFXHJF, B0DRGGLQB9, B0DRGGR55H, B0DRGDGX4F, B0DRGFWFBN, B0DRGDK4XS, B0DRGKLGMG, B0DQDZ3DBM, B0DLNZT4Q8, B0DLNHWZ9C, B0DLNLFRNJ, B0DPR1F5XW, B0DLNF45QK, B0DLNJ8NYP (collectively, the "Quika Products").

6. Defendant's infringement allegations have harmed and continue to harm Quika.

7. Quika seeks a declaratory judgment that neither Quika nor its products infringed any claim of the D487 Patent.

8. This relief is necessary because Defendant previously filed a lawsuit accompanied by an *ex parte* temporary restraining order, which was dismissed without prejudice, alleging that Quika, doing business as HILLGA, infringed the D487 Patent by manufacturing and selling the Quika Products. Defendant has continued to prepare to refile the action asserting infringement of the D487 Patent by Quika.

9. On February 24, 2025, Defendant filed the lawsuit in the U.S. District Court for

the Northern District of Illinois (the "NDIL") alleging that Quika, doing business as HILLGA, infringed the D487 Patent. This case is captioned *Shenzhen Sunwell Industrial Co., Ltd. v. The Partnerships and Unincorporated Associations Identified on Schedule A*, Case No. 1:25-cv-01949 (the "Illinois Lawsuit"). A true and correct copy of the Complaint from the Illinois Lawsuit is attached as **Exhibit II**.

10.    On March 10, 2025, Defendant filed the Memorandum in Support of *Ex Parte* Motion for Entry of Temporary Restraining Order. True and correct copies of the Memorandum in Support of *Ex Parte* Motion for Entry of Temporary Restraining Order from the Illinois Lawsuit are attached as **Exhibit III.**

11.    On March 11, 2025, the NDIL entered the Temporary Restraining Order, which enjoined Quika from selling the Quika Products and restrained Quika's assets. A true and correct copy of the Temporary Restraining Order from the Illinois Lawsuit is attached as **Exhibit IV**.

12.    On April 15, 2025, the NDIL dismissed the Illinois Lawsuit without prejudice for lack of personal jurisdiction. As a result, the Defendant's motion for preliminary injunction was denied, and the temporary restraining order was immediately dissolved. True and correct copies of the Order to dismiss the Illinois Lawsuit for lack of personal jurisdiction are attached as **Exhibit V**.

13.    After receiving notice of the dismissal of the Illinois Lawsuit, Defendant's counsel, Brad Liu, stated in an email to Quika's counsel: "We plan to refile this case. Are you going to accept the service? Meanwhile, are your client interested in negotiating this dispute?"

14.    Neither Quika nor the Quika Products infringed the D487 Patent, given the clear differences between the Quika Products and the design disclosed in the asserted patent claims, as well as the invalidity of the D487 Patent. Quika contends that it has and has previously had the right to make, use, sell, and/or offer to sell in the United States and import into the United

States the Quika Products without need of a license under the D487 Patent.

15.    As a result of Defendant's assertion of its rights under the D487 Patent against Quika and Quika Products, and Quika's good faith belief that it is entitled to continue its business activities related to Quika Products without a license to the D487 Patent, an actual and justiciable controversy exists between Quika and Defendant regarding whether the Quika Products infringe the D487 Patent and the validity of the D487 Patent itself.

## JURISDICTION AND VENUE

16.    This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a), because this action arises under the laws of the United States, in particular the Patent Act of the United States, 35 U.S.C. § 100 *et seq*., and under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 because this action seeks declaratory relief.

17.    This Court has personal jurisdiction over Defendant under 35 U.S.C. § 293, which provides that in cases involving a patentee that does not reside in the United States, the United States District Court for the Eastern District of Virginia "shall have the same jurisdiction to take any action respecting the patent or rights thereunder that it would have if the patentee were personally within the jurisdiction of the court," assuming that "no person" has been designated within "the Patent and Trademark Office… on whom may be served process or notice of proceedings affecting the patent or rights thereunder." On information and belief, Defendant does not reside in the United States and has not filed a written designation of an agent in the United States to whom process or notice of proceedings affecting the D487 Patent or the rights thereunder may be served.

18.    Venue is proper in this district under at least 28 U.S.C. §§ 1391(b)(1) and 1391(c)(2) because "an entity…shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction" and Defendant is subject to this Court's personal jurisdiction under 35 U.S.C. § 293.

## COUNT I

**DECLARATORY JUDGMENT OF NON-INFRINGEMENT**
**OF THE D487 Patent**

19.    Quika incorporates Paragraphs 1 through 18 of this Complaint as if set forth fully herein.

20.    Defendant claims to own the right, title, and interest in the D487 Patent. *See* Exhibit II at ¶ 2.

21.    Defendant alleges that the Quika Products and the sale, offer for sale, and advertisement of the Quika Products infringed the D487 Patent. *See id*.

22.    The Quika Products did not infringe the claimed designs of the D487 Patent, because Quika Products do not have all of the claimed elements, either literally or under the doctrine of equivalents. Representative claim elements missing from the Quika Products include, but are not limited to, the following:

- **Cushion**. Viewing the Quika Products, the back portion of the cushion features a multi-lobed, tiered appearance, and the base portion exhibits an angular, four-cornered structural style. In contrast, the claimed Figure 1 in the D487 Patent depicts a single, soft rectangular cushion on the back and a fully rounded, integrated base structure, as shown in the claim figure. The chart below further illustrates such a distinction:

| Claim Figure | Accused Product |
|---|---|
| FIG. 1 | |



- **Armrest**. Viewing the Quika Products, one will notice that the armrest presents a more upright and linear transition from the backrest to the armrest, with minimal curvature. In contrast, the design shown in Figure 3 of the '487 Patent features a distinctively contoured armrest that flows smoothly and continuously curvedly from the backrest, creating a soft and integrated visual appearance. The chart below further illustrates such a distinction:

FIG. 3



- **Circular Support Ring and Base**. Viewing the support ring and base of the Quika Products, an ordinary observer will notice that the circular support ring is visibly larger than the width of the chair's base and protrudes outward beyond the base frame. In contrast, Figure 9 of the '487 Patent shows a circular support ring smaller than the base and entirely contained within the straight rectangular bottom frame of the chair. Additionally, the base structure in the Quika Products exhibits a noticeably inward-curved design, resulting in a tapered profile, whereas the patented design features a flat, straight-edged rectangular base that creates a more rigid and uniform visual impression. The chart below further illustrates such a distinction:



23.    Clear distinctions exist between the D487 Patent and the Quika Products such that "an ordinary observer, familiar with the prior art designs," would not be "deceived into believing that the [Quika Products are] the same as the patented design." *Crocs, Inc. v. Int'l Trade Comm'n*, 598 F.3d 1294, 1303 (Fed. Cir. 2010). The Quika Products did not infringe, literally or under the doctrine of equivalents, any claim of the D487 Patent. By using, selling, offering to sell, or advertising the Quika Products, Quika did not infringe, literally or under the

doctrine of equivalents, any claim of the D487 Patent.

24.    There is an actual, substantial, continuing, and justiciable controversy between Quika and Defendant regarding whether the Quika Products or Quika infringed, literally or under the doctrine of equivalents, any claim of the D487 Patent.

25.    Quika is entitled to a declaratory judgment that neither Quika nor the Quika Products infringed, literally or under the doctrine of equivalents, any claim of the D487 Patent.

## COUNT II

### DECLARATORY JUDGMENT OF INVALIDITY
### OF THE D487 Patent

26.    Quika incorporates Paragraphs 1 through 25 of this Complaint as if set forth fully herein.

27.    Defendant claims the D487 Patent is "valid and enforceable." *See* Exhibit II at ¶ 14.

28.    Claim of the D487 Patent is invalid because the purported designs therein fail to meet the conditions of patentability under 35 U.S.C. §§101 *et seq*., including but not limited to 35 U.S.C. §§ 102, 103, and 171, and non-statutory common law doctrines. Specifically, the designs lack novelty and are obvious in light of prior art, and fail to qualify as ornamental designs under § 171. The claim is also invalid under the judicially recognized functionality doctrine.

29.    Without limiting the grounds of invalidity that may be asserted in this action, at least the claimed designs of the D487 Patent are invalid under 35 U.S.C. §§ 102 and 103 in view of prior art references, whether considered individually or in combination, including but not limited to those set forth following:

- **Prior Art 1**. A prior art reference is available at the following website: https://www.homedepot.com/p/Hanover-Orleans-3-Piece-All-Weather-Wicker-Patio-Swivel-Rocking-Chat-Set-with-Autumn-Berry-Cushions-

ORLEANS3PCSW-B-BRY/207032495 (last accessed March 24, 2025). According to publicly available comments and product listings on the website, Prior Art 1 was on sale and available to the public prior to October 8, 2015—more than one year before the filing date of the '487 Patent on August 29, 2019. A comparison of Prior Art 1 and the claimed design of the '487 Patent is shown below.

| Claim Figure | Prior Art 1 |
|---|---|
| FIG. 2  | |

**Prior Art 2**. A prior art reference is available at the following website:

https://www.amazon.com/Hanover-STRATH4PCSW-LS-NVY-Strathmere-Outdoor-

Furniture/dp/B07DJCH1WW/ref=cm_cr_arp_d_pdt_img_top?ie=UTF8&th=1

(last accessed April 20, 2025). According to publicly available comments and product listings on the website, Prior Art 2 was on sale and available to the public prior to April 21, 2017—more than one year before the filing date of the '487 Patent on August 29, 2019. A comparison of Prior Art 2 and the claimed design of the '487 Patent is shown below.

| Claim Figure | Prior Art 2 |
|---|---|
|  | |

FIG. 2

- **Prior Art 3**. A Chinese patent similar to Plaintiff's D487 Patent was filed on October 14, 2015, and was granted and published by the China National Intellectual Property Administration on February 10, 2016, under Chinese Patent Number CN 303582470 S. This Chinese Patent qualifies as prior art under 35 U.S.C. § 102(a)(1) since the effective filing date of the D487 Patent is August 29, 2019. A true and correct copy of the Chinese Patent CN 303582470 is attached hereto as **Exhibit VI**.

30.    As shown above, to the extent that Defendant's contention that Quika's products have substantially the same design as the one claimed in the D487 Patent is correct, then Prior Art I, II, and III also have substantially the same design to an ordinary observer, such that each of these prior art references renders the D487 Patent invalid as anticipated. Further, these three designs, both alone and in combination, render the D487 Patent invalid as obvious because an ordinary designer of ordinary skill in the field of the D487 Patent would have been motivated to modify the prior art references to create the same overall visual appearance as the D487 Patent's claimed design. *See LKQ Corp. v. GM Global Tech. Ops. LLC*, 102 F. 4th 1280, 1299 (Fed. Cir. 2024). For example, a designer of ordinary skill would have been motivated to

combine the armrests and front partition of Prior Art III with the tufted cushion of Prior Art I to provide the same overall visual impression as the D487 Patent's claimed design.

31.    The D487 Patent is also invalid under 35 U.S.C. §171 because it claims a design that is primarily functional rather than ornamental. The features of the claimed design—including the circular swivel base, the cross-bracing beneath the seat, and the rectilinear bottom structure—appear to be dictated by utilitarian considerations such as structural stability, weight distribution, and rotation functionality. These elements serve practical mechanical purposes and are not claimed for their aesthetic appeal. When a design is essential to the use or purpose of the article and affects the article's cost or quality, it is considered functional and thus not eligible for design patent protection. *See Best Lock Corp. v. Ilco Unican Corp.*, 94 F.3d 1563, 1566 (Fed. Cir. 1996). Because the visual characteristics claimed in the '487 patent are inseparable from the functional aspects of the chair's construction, the patent fails to meet the statutory requirement that design patents must be directed to non-functional, ornamental designs.

32.    There is an actual, substantial, continuing, and justiciable controversy between Quika and Defendant regarding the validity and enforceability of the D487 Patent.

33.    Quika is entitled to a declaratory judgment that any claim of the D487 Patent is invalid, as specified in 35 U.S.C. §§101 et seq., including but not limited to 35 U.S.C. §§ 102, 103, and 171, as well as under applicable non-statutory common law doctrines.

### RESERVATION OF RIGHTS

34.    Quika hereby reserves its rights to supplement with additional claims or defenses as discovery proceeds.

### PRAYER FOR RELIEF

WHEREFORE, Quika respectfully prays for entry of judgment in its favor and against Defendant as follows:

A.    For judgment that neither Quika nor the Quika Products infringed, literally or under the doctrine of equivalents, any claim of the D487 Patent;

B.    For judgment that each claim of the D487 Patent is invalid;

C.    For an injunction enjoining Defendant from enforcing the D487 Patent in any manner, including, but not limited to, seeking a temporary restraining order and/or preliminary injunction;

D.    For costs and reasonable attorneys' fees incurred in connection with this and related actions to be paid by Defendant;

E.    For a finding that this case is exceptional under 35 U.S.C. § 285;

F.    An award of any and all equitable relief to which Quika may be entitled; and

G.    For such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Quika hereby demands a jury trial on all issues so triable.

April 21, 2025

Respectfully submitted,

/s/ *Joshua Hartman*
Joshua Hartman (VSB # 77894)
MERCHANT & GOULD P.C.
1900 Duke Street, Suite 600
Alexandria, VA 22314
Telephone: (703) 684-2500
Facsimile: (612) 332-9081
jhartman@merchantgould.com

Tianqin Zhao (DC Bar No. 90027862)
Email: zhao@yzlaw.com
*Pro Hac Vice forthcoming*
Shaoyi Che (TX Bar No. 24139843)
Email: che@yzlaw.com
*Pro Hac Vice forthcoming*
YoungZeal LLP
9355 John W Elliott Dr, STE 25555,
Frisco, Texas 75033

Fan Liang (CA Bar No. 303031)
Email: alex_liang@anjielaw.com
*Pro Hac Vice forthcoming*
Zhiyu Liang (CA Bar No. 357770)
Email: liangzhiyu@anjielaw.com
*Pro Hac Vice forthcoming*
Anjie Broad Law Firm
No.19 Dongfangdonglu Chaoyang
19/F Twr D1 Diplomacy Ofc. Bldg.
Beijing 100600, China

*Attorneys for Plaintiff Shenzhen Quika
Technology Co., Ltd.*