**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | | |
|---|---|---|
| SHENZHEN QUIKA TECHNOLOGY CO., LTD., | ) ) | |
| | ) | Case No. 1:25-cv-00679-RDA-WBP |
| Plaintiff, | ) ) | |
| | ) | Honorable Rossie D. Alston, Jr. |
| v. | ) | Magistrate Judge William B. Porter |
| | ) | |
| SHENZHEN SUNWELL INDUSTRIAL CO., LTD., | ) ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

**[PROPOSED] JOINT DISCOVERY PLAN**

Under Federal Rules of Civil Procedure 16 and 26(f), Local Civil Rules 16 and 26, and

the Court's July 25, 2025 scheduling order (Doc. 11), Plaintiff Shenzhen Quika Technology Co.,

Ltd. ("Quika") and Defendant Shenzhen Sunwell Industrial Co., Ltd. ("Sunwell") (collectively,

the "Parties") conducted a Rule 26(f) conference on August 12, 2025. Based on that conference,

the Parties hereby stipulate and agree as follows. The Parties provide a table of applicable dates

in Exhibit A for the Court's convenience.

**I.      DISCOVERY SCHEDULE**

The parties propose the below schedule.

    **A.**    <u>**Initial Disclosures:**</u> The parties shall serve their Rule 26(a)(1) initial disclosures

by August 22, 2025.

    **B.**    <u>**Fact Discovery Deadlines:**</u> All fact discovery shall be completed by November

28, 2025. The Parties shall serve substantially all written discovery requests

(excluding notices of deposition and subpoenas) by August 25, 2025.  To the

extent a limited number of follow-up requests becomes necessary, those may be

1

served no later than October 10, 2025.  All requests, in total, shall not exceed the limits set forth in Section D below.

C.   **Joinder of Parties and Amendment of Pleadings:** All motions to join other parties or to amend or supplement the pleadings shall be filed on or before October 20, 2025.

D.   **Discovery Format and Limitations:**

1.   Document production shall be substantially completed on or before October 13, 2025.

2.   Depositions shall be limited to a total of 5 non-expert depositions per side of party witnesses and non-party witnesses, with any 30(b)(6) depositions of a Party counted as a single deposition of that party. The number of depositions may be extended only by agreement of the Parties or with leave of the Court, and only upon a showing of good cause. No deposition shall exceed 7 hours without agreement of the Parties or leave of the Court, except that for depositions that require the use of interpreters, the maximum deposition time in a single day shall be no more than 10 hours.

3.   The Parties agree to cooperate to schedule depositions at a time and place convenient for both counsel and witnesses, including by video conference. The Parties agree that witnesses residing in the mainland of China shall travel to Hong Kong for purposes of their depositions, and that counsel may conduct their depositions by video conference.

4.   The Parties agree that all depositions will be taken under United States law and under the Federal Rules of Civil Procedure, the Federal Rules of

2

Evidence, and the Local Rules, regardless of the actual location, including any depositions taken by videoconference.

5. Counsel of record shall promptly be provided with a copy of any subpoena served on a third party and shall be included on all deposition scheduling communications with third parties following the service of a subpoena. The Parties do not waive any rights to pursue other communications, where warranted.

6. Each side may not serve on the other side more than 50 requests for production, including parts and subparts, without leave of Court.

7. Each side may not serve on the other side more than 30 interrogatories, including parts and subparts, without leave of Court.

8. Each side may not serve on the other side more than 35 requests for admission without leave of Court.

9. Unless limited herein or by the Court's order, the Parties shall otherwise abide by the discovery limitations set forth in the Federal Rules of Civil Procedure. A Party may seek extensions of those limitations for good cause.

10. The Parties agree that objections and responses to written discovery requests shall be served in accordance with the deadlines specified in the applicable Federal Rules of Civil Procedure, including Rules 33, 34, and 36, and the Local Rules, including Local Civil Rule 26(C).

3

11.    The Parties agree that translations of documents on which they intend to rely at trial need not be served until the deadline for exchange of trial exhibits, to be agreed by the Parties pursuant to Section III.E., *infra*.

E.    **Privilege Logs:** The Parties agree that, in light of the case schedule and in order to more efficiently manage costs, neither Party shall be required to prepare a privilege log. Nothing in this Discovery Plan, however, shall preclude a Party from seeking an order compelling a privilege log for specific subject matters and time frame(s) for good cause shown or in the interest of justice, and after the Parties have conducted a good faith meet-and-confer regarding the specific subjects and time frame(s).

F.    **Clawback Provision:** The parties will propose a separate Protective Order governing the inadvertent production or disclosure of privileged or otherwise protected material.

G.    **Electronic Discovery:** Counsel for the Parties have informed their respective clients of the obligation to preserve discoverable information during the pendency of this litigation. The Parties will discuss the scope of electronic discovery and, if necessary, propose a separate agreement regarding the production of electronically stored information. The Parties agree that discovery of email, text messages, and other forms of electronic communications (including, for example, WeChat messages) would be unduly burdensome and disproportionate to the needs of this case and therefore will be presumptively outside the scope of discovery. Nothing in this Discovery Plan, however, shall preclude a Party from seeking an order compelling the production of limited electronic communications

4

4918-8316-5533, v.3

for specific subject matters, time frames, and customers for good cause shown or in the interest of justice, and after the Parties have conducted a good faith meet-and-confer regarding the specific subjects and time frames.

**H.**   **Expert Reports:**

1. All opening expert reports for matters on which a Party bears the burden of proof shall be served on or before October 10, 2025

2. All expert reports for matters on which a Party does not bear the burden of proof, including rebuttal reports to any opening expert reports served per Section H.1, shall be served on or before November 3, 2025

3. Any reply expert reports shall be served on or before November 17, 2025.

4. The Parties shall provide the dates and times of availability for deposition of any expert who submits a report on the date on which that expert submits his or her first such report.

**I.**   **Expert Discovery:** All expert discovery shall be completed by November 28, 2025.

## II.   SETTLEMENT CONFERENCE

A settlement conference may be requested at any time in the case. The Court may refer the parties to consult with a Magistrate Judge regarding settlement.

## III.   OTHER MATTERS

A.   **Estimated Trial Time:** The Parties expect the trial of this matter to last approximately 3-5 trial days.

4918-8316-5533, v.3

B.    **Magistrate Judge Consent:** The Parties agree to proceed to trial before a Magistrate Judge and thus will file the consent form attached to the Court's scheduling order (Doc. 11-2).

C.    **Summary Judgment and *Daubert* Motions:** Any Summary Judgment and *Daubert* Motions shall be filed on or before December 12, 2025.

D.    **Final Pretrial Conference:** The Final Pretrial Conference shall be conducted after December 12, 2025, subject to the Court's availability.

E.    **Pretrial Disclosures and Objections:** All Rule 26(a)(3) disclosures and objections, including objections to trial exhibits, shall be filed no later than the date of the Final Pretrial Conference. The Parties will meet and confer in good faith to establish a mutually agreeable schedule for exchanging pretrial disclosures.

F.    **Motions *in Limine*:** The schedule for any motions *in limine* shall be set by the Court on or after the Final Pretrial Conference, for hearing by at least 14 days before trial.

G.    **Jury Trial:** The Parties both request a jury trial.

H.    **Electronic Service:** The Parties further agree that, for all service required in this lawsuit, service by electronic means shall be deemed equivalent to hand delivery and the Parties consent to service by electronic means under Fed. R. Civ. P. 5(b)(2)(E). The Parties further agree that, if service is made by means other than electronic mail, a courtesy copy will be sent concurrently via electronic mail.

4918-8316-5533, v.3

## IV.     APPEARANCE AT RULE 16(B) PRETRIAL CONFERENCE

The Parties are prepared to appear at the Rule 16(b) Pretrial Conference, per the Court's July 25 scheduling order. Should the Court determine, however, that this matter is amenable to resolution on the papers, neither Party would object to the Court handling this matter on the papers rather than through an in-person appearance.

**SO STIPULATED:**

August 13, 2025                                        Respectfully submitted,


By: */s/ Joshua Hartman*                             */s/ Gang Ye*
Joshua Hartman (VSB # 77894)                         Gang (Gavin) Ye (VA Bar No. 90212)
**MERCHANT & GOULD P.C.**                            gavin.ye@bayes.law
1900 Duke Street, Suite 600                          Bayes PLLC
Alexandria, VA 22314                                 8260 Greensboro Drive, Suite 625
Telephone: (703) 684-2500                            McLean, VA 22102
Facsimile: (612) 332-9081                            (703) 995-9887 (Tel.)
jhartman@merchantgould.com                           (703) 821-8128 (Fax)


Thomas J. Leach (*pro hac vice*)                     Yizhou Liu (*pro hac vice* forthcoming)
**MERCHANT & GOULD P.C.**                            bliu@calfee.com
150 South Fifth Street, Suite 2200                   Nicholas P. Zalany (*pro hac vice*
Minneapolis, MN 55402                                forthcoming)
Telephone: (612) 332-5300                            nzalany@calfee.com
Facsimile: (612) 332-9081                            Calfee, Halter & Griswold LLP
tleach@merchantgould.com                             The Calfee Building
                                                     1405 East Sixth Street
Tianqin Zhao (*pro hac vice*)                        Cleveland, Ohio 44114
Shaoyi Che (*pro hac vice*)                          (216) 622-8200 (Tel.)
**YOUNGZEAL LLP**                                    (216) 241-0816 (Fax)
9355 John W Elliott Dr., Ste. 25555,
Frisco, Texas 75033                                  *Attorneys for Defendant*
zhao@yzlaw.com                                       *Sunwell Industrial Co., Ltd.*
che@yzlaw.com


Fan Liang (*pro hac vice*)
Zhiyu Liang (*pro hac vice*)
**ANJIE BROAD LAW FIRM**
No.19 Dongfangdonglu Chaoyang
19/F Twr D1 Diplomacy Ofc. Bldg.
Beijing 100600, China

7

4918-8316-5533, v.3

alex_liang@anjielaw.com
liangzhiyu@anjielaw.com

*Attorneys for Plaintiff*
*Shenzhen Quika Technology Co., Ltd.*

8

4918-8316-5533, v.3

**Exhibit A**

| Event | Date |
|---|---|
| Rule 26(a)(1) Initial Disclosures | August 22, 2025 |
| Substantial Completion of Document Production | October 13, 2025 |
| Joinder of Parties and Amendment of Pleadings | October 20, 2025 |
| Opening Expert Reports for Matters on Which the Parties Bear the Burden of Proof | October 10, 2025 |
| Responsive Expert Reports for Matters on Which the Parties Do Not Bear the Burden of Proof | November 3, 2025 |
| Reply Expert Reports for Matters on Which the Parties Bear the Burden of Proof | November 17, 2025 |
| Fact Discovery Cutoff | November 28, 2025 |
| Expert Discovery Cutoff | November 28, 2025 |
| Deadline to Complete All Discovery | |
| Deadline for Summary-Judgment and *Daubert* Motions | December 12, 2025 |
| Rule 26(a)(3) Pretrial Disclosures and Objections | Date of the Final Pretrial Conference |
| Final Pretrial Conference | After December 12, 2025 Subject to the Court's Availability |
| Trial | Subject to the Court's Availability |

1

4918-8316-5533, v.3

## CERTIFICATE OF SERVICE

I certify that on August 13, 2025, a copy of the foregoing was served on the parties to this action by electronically filing true and correct copies with the Clerk of the Court using the ECM/ECF system which automatically sent notification by e-mail of such filing to all counsel of record.

*/s/Joshua Hartman*

4918-8316-5533, v.3